IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| D.A., by and through his Parents, D.A. and W.A., : : | |
| : | Civil Action No. 2:20-cv-1124 |
| Plaintiffs, : | |
| : | The Hon. J. Nicholas Ranjan |
| v. : | |
| : | |
| PENN HILLS SCHOOL DISTRICT, : | |
| : | *Electronically Filed* |
| Defendant. : | |

**BRIEF IN SUPPORT OF
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

AND NOW, comes Defendant, Penn Hills School District, by and through its attorneys, Aimee R. Zundel, Esquire and Weiss Burkardt Kramer LLC, and files the within Brief in Support of Defendant's Motion for Summary Judgment pursuant to Local Rule of Court 56 as follows:

**Introduction**

Plaintiff D.A., a high-school aged student residing in the Defendant School District, who currently attends a private parochial school, has raised discrimination claims under Section 504 of the Rehabilitation Act of 1973 (Section 504) and Title II of the Americans with Disabilities Education Act (ADA). Defendant moves for summary judgment because there is no genuine dispute of material fact and Plaintiff has failed to demonstrate that he is entitled as a matter of law to relief on the claims asserted. Defendant is, therefore, entitled to judgment as a matter of law. See Fed. R. Civ. P. 56.

**Standard of Review on Summary Judgment**

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." See Fed. R. Civ. P. 56(a). "Summary judgment is appropriate when 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" Wright v. Corning, 679 F.3d 101, 103 (3d Cir. 2012) (quoting Orsatti v. N.J. State Police, 71 F.3d 480, 482 (3d Cir. 1995).

Defendant acknowledges that "[w]hen considering whether there exist genuine issues of material fact, the court is required to examine the evidence of record in the light most favorable to the party opposing summary judgment, and resolve all reasonable inferences in that party's favor." Wishkin v. Potter, 476 F.3d 180, 184 (3d Cir. 2007). Still, even when taken in a light most favorable to Plaintiff, the evidence of record warrants summary judgment in favor of Defendant.

**Count I & II—Title II of the ADA (Discrimination Based on Disability)**
**Violation of Rehabilitation Act of 1973**

**Relevant Legal Framework**

D.A.'s Complaint alleges that "The District has discriminated against Plaintiff, by denying him eligibility for a 504/Chapter 15 Service Agreement and the accommodation of publicly funded door-to-door transportation" and that Plaintiff "is treated in a less favorable manner than his non-disabled peers because he is required to choose between attending school and the assurance that his life is not put in danger by his handicapping condition." Complaint, Dkt. No. 20, ¶¶ 10 & 11.

Section 202 of the ADA provides:

> Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

42 U.S.C. § 12132.

Section 202 of the ADA "extends the nondiscrimination rule of Section 504 of the Rehabilitation Act to services provided by any 'public entity.'" Jeremy H. by Hunter, 95 F.3d 272. The remedies, procedures and rights under the ADA are the same as those under Section 504 and the two claims are treated as analogous. See 42 U.S.C. § 12132; Travis G. v. New Hope-Solebury School Dist., 544 F.Supp.2d 435 (E.D. Pa. 2008) (stating "[i]t has been said that an ADA claim is 'the analogue' of a Section 504 claim). Under both statutes, schools are required to provide a free appropriate public education through special education and related services. See e.g., 34 C.F.R. § 104.33; 28 C.F.R. § 35.103.

Thus, Plaintiff D.A. must prove the following elements by preponderant evidence in order to prevail on his discrimination claims against the District: (1) Plaintiff must be "disabled" as defined by the Act; (2) Plaintiff must be "otherwise qualified" to participate in school activities; (3) the school district receives federal financial assistance; and (4) Plaintiff must have been excluded from participation in, denied the benefits of, or subject to discrimination at, the school. Andrew M. v. Delaware County Office of Mental Health and Mental Retardation, 490 F.3d 337, 350 (3d Cir. 2007). Pursuant to Section 202 of the ADA, discrimination must have occurred "by reason of [D.A.'s] disability." 42 U.S.C. § 12132.

Plaintiff fails the fourth factor of the four (4) part *prima facie* case because he cannot prove by preponderant evidence adduced from the undisputed facts that he was excluded from participation in, denied the benefits of, or otherwise subject to discrimination by Penn Hills School District. Plaintiff was not denied benefits or discriminated against by the District because of his disability. Rather, he was not eligible for door-to-door transportation as a student not enrolled in the District. Wherefore, the District respectfully requests that the Court grant the District's Cross Motion for Summary Judgment.

**Argument**

I. **PLAINTIFF IS NOT ENTITLED TO SERVICES UNDER 504 PLAN BECAUSE HE IS NOT ENROLLED IN THE DISTRICT'S SCHOOL PROGRAM.**

The Court needs to assess whether the District discriminated against D.A. by offering only the transportation other students have access to, and reserving door-to-door transportation to those students who have enrolled in the District's public school program.

The duty to provide a free appropriate public education (FAPE), including appropriate related services, under Section 504 does not extend to parentally placed 504 students who are not dually enrolled, so long as the District has offered a FAPE to the student within its own district. See D.L. v. Baltimore City Bd. Of Sch. Comm'rs, 706 F.3d 256 (4th Cir. 2013); Lauren W. ex. Rel. Jean W. v. DeFlaminis, 480 F.3d 259, 274 (3rd Cir. 2007). "Section 504 and its implementing regulations prohibit discrimination on the basis of disability, not on the basis of school choice." See D.L. 706 F.3d at 260-261. "Section 504 and its implementing regulations do not require that public schools provide access to eligible individuals that opt out of the program by enrolling in private schools." 706 F.3d at 261-262. D.L. addresses a student who attended school in Maryland which, unlike Pennsylvania, does not permit dual enrollment. Pennsylvania permits dual

4

enrollment for the purpose of admitting school students into various additional "schools and departments" which the board of school directors may "establish, equip furnish, and maintain…namely….Schools for physically and mentally handicapped…No pupil shall be refused admission to the courses in these additional schools or departments, by reason of the fact that his elementary or academic education is being or has been received in a school other than a public school." See 24 P.S. §5-502.

Lower Merion Sch. Dist. V. Doe, 931 A.2d 640 (Pa. 2007), upon which Plaintiff bases its argument, is distinguishable from D.L. as an example of a District where the student did qualify for services under her 504 Plan, based on dual enrollment. In Lower Merion, the District provided occupational therapy (OT) services according to the student's 504 Plan, based on dual enrollment in her public and private schools. Lower Merion Sch. Dist. v. Doe, 931 A.2d 640 (Pa. 2007). Unlike the case at bar, the student in Lower Merion had to leave the District because there was not the same option for full day kindergarten within the District and she required dual enrollment because the private entity could not provide the OT services required by her 504 Plan. In the instant case, D.A.'s private school provides aids, services and accommodations outlined in his 504 Plan. Moreover, D.A. has enrolled in the private school as a matter of pure choice, and not because the District lacks a similar option. In fact, D.A. has never been enrolled in the District. D.A. followed in his father and brother's footsteps by attending Central Catholic High School, a private parochial school located in the Oakland neighborhood of Pittsburgh. The family unilaterally made this decision, it was not a decision reached as a result of deliberations with the District because the District was unable to provide FAPE. The unilateral choice to enroll D.A. in

5

private school is distinct from most cases where students had at some point been enrolled in the public-school district but required services only available at a private school outside the District.

The court in Lauren W. declined to extend Lower Merion and noted that because the family unilaterally placed their daughter in a private school where she received accommodations according to her 504 plan and she was not dually enrolled in the public school, she was not entitled to compensatory services from the District. Lauren W. ex. Rel. Jean W.v. DeFlaminis, 480 F.3d 259, 273-274 (3rd Cir. 2007). The court established dual enrollment as the threshold for the District's legal requirement to provide services to a student whose family chose to enroll them in a private school where a District offered a to the student. The facts in Lauren W. are more relevant to the facts in D.A. than those in Lower Merion, because D.A., like Lauren W., voluntarily enrolled in private school despite FAPE offered within the District. Since D.A. is not dually enrolled in his private school and the District, the District is not required to transport D.A. door to door from his home to his private school.

II. **PLAINTIFF IS NOT ENTITLED TO DOOR TO DOOR TRANSPORTATION BECAUSE PENNSYLVANIA LAW DOES NOT REQUIRE DOOR TO DOOR TRANSPORTATION FOR A STUDENT WHO IS NOT ENROLLED.**

Under Federal law, Local Educational Agencies (LEAs) such as the District are not required to provide transportation from the child's home to a private school unilaterally chosen by the parent. If a school district offers a FAPE program to a student with a disability and the parent chooses to place the student in a private placement, the school district has no obligation under 504 to provide or pay for any transportation services. See Spencer County (KY) Sch. Dist., 31 IDELR 38 (OCR 1998); Letter to Veir, 20 IDELR 864; 34 C.F.R. §104.33(c)(4). Pointedly, Letter to Veir provides, "if a recipient has made available a free appropriate public education to a person with

a disability and the person's parent or guardian choses to place the person in a private school, Section 504 does not require the recipient to provide services in the private school." See Letter to Veir, 20 IDELR 864; 34 C.F.R. §104.33(c)(4).

Thus, D.A.'s legal right to transportation from the District is derived from the School Code; specifically, Section 1361. In pertinent part, Section 1361 provides:

> When provision is made by a board of school directors for the transportation of public school pupils to and from such schools or to and from any points within or without the Commonwealth in order to provide field trips as herein provided, the board of school directors shall also make *identical provision* for the free transportation of pupils who regularly attend nonpublic kindergarten, elementary and high schools not operated for profit to and from such schools or to and from any points within or without the Commonwealth in order to provide field trips as herein provided.

24 P.S. 13-1361

The entitlement to specialized transportation at the expense of the public school district hinges on whether the student is enrolled and whether the student requires such services pursuant to a 504 Service Agreement. Public school districts provide specialized transportation for students with disabilities when required by the student's individualized education program (IEP) or Section 504 Service Agreement. See 22 PA Code 23.3; 24 P.S. 1374. Even though Student is theoretically eligible under Section 504, he is not enrolled in the public school district and, therefore, is not entitled to a 504 Service Agreement in the same manner that his publicly enrolled counterparts would be.

Student's transportation request can fairly be compared to a door-to-door transportation request made of the District by a public charter school student. Charter school students receive transportation services from the District, in a manner similar to private school students. However, any transportation accommodations necessary based upon a child's disability are the

responsibility of the charter school. Below is the relevant text from the Charter School Basic Education Circular (BEC) issued by Pennsylvania Department of Education:

> School districts must provide students eligible under IDEA and protected handicapped students under Section 504 with transportation to the charter school in which they are enrolled. This includes transportation to an Extended School Year program if that program is held at the charter school.
>
> However, some students eligible under the IDEA or Section 504 require modifications or accommodations for their transportation to the charter school. Although school districts are required to provide transportation for these students, school districts are not required to provide the modifications or accommodations (such as specialized equipment or personnel to accompany the student) for such students. Provision of modifications or accommodations in a student's IEP or Section 504 Service Plan are the obligation of the charter school, because it is the charter school that owes the student a Free Appropriate Public Education (FAPE). For example, if a student requires an aide to accompany the student during transportation to and from the charter school, the school district is responsible for the student's basic transportation, but the charter school is responsible for providing or paying for the costs of the aide (modification and/or accommodation).

Pursuant to 22 Pa. Code § 711.42(b), the charter school bears the responsibility to provide modifications or accommodations in transportation which are necessary for its students with disabilities. The District is obligated to provide basic transportation to such students in compliance with the Charter School Law, however the District is not required to offer door-to-door transport or other disability-related accommodations. To reach a contrary result in the case of a private school student not enrolled in the District would be absurd and contrary to law.

### III. THE HEARING OFFICER DID NOT ERR WHEN GRANTING THE DISTRICT'S MOTION TO DISMISS DATED JUNE 19, 2020.

The Hearing Officer did not err in denying Plaintiff door-to-door transportation related to and from his chosen private school. The Hearing Officer correctly opined that D.A. could be provided with equal opportunities for non-academic services under Section 504, and specifically

8

34 C.F.R. 104.37 only if he were entitled to the protections of Section 504 by the District. In her review of the facts and relevant case law, the Hearing Officer found that because D.A. is not enrolled in the District, that the District is not required to provide transportation to D.A. under a Section 504 Accommodation Plan. Therefore, she found that the District did not discriminate against D.A. on the basis of his disability.

Upholding the Special Education Hearing Officer's June 19, 2020 Dismissal Order will not permit an absurd result, as suggested by Plaintiff. Specifically, Plaintiff posits that "[a]ny conclusion otherwise leads to absurd results where every Penn Hills resident attending any non-profit school within 10 miles of District boundaries would be entitled to publicly funded transportation- except for children with disabilities." See Plaintiff's Brief in Support, Dkt. No. 18, page 2. Upholding the Hearing Officer's findings of law will support a fiscally responsible and legally correct result. The Hearing Officer correctly recognized that students with disabilities who are privately enrolled are entitled to the same public transportation as their other privately enrolled peers and denying specialized transportation does not run afoul of any federal disability discrimination statute. Should parents seek access to specialized, door-to-door transportation, their child must enroll in the public school program, and the same will be provided as a component of FAPE.

## Conclusion

Plaintiff's Complaint taken alone fails to adduce any genuine issue of material fact on the topic of disability discrimination. The record is completely devoid of any genuine issue of fact which could lead to a verdict for Plaintiff on his discrimination claims. D.A. bears the burden to demonstrate that he was excluded from participation in, denied the benefits of, or otherwise

subject to discrimination by Penn Hills School District. The Plaintiff has failed to establish facts sufficient to support such a finding of intentional discrimination.

WHEREFORE, for all the foregoing reasons, Defendant, Penn Hills School District, respectfully requests this Honorable Court to grant summary judgment in favor of Defendant.

Date: November 16, 2020

Respectfully submitted,

By: _____
Aimee R. Zundel, Esquire
Pa. I.D. #208694
azundel@wbklegal.com

**WEISS BURKARDT KRAMER, LLC**
445 Fort Pitt Boulevard, Suite 503
Pittsburgh, PA 15219
412-391-9890

## CERTIFICATE OF SERVICE

I, Aimee R. Zundel, Esquire, do hereby certify that I electronically filed the foregoing Brief in Support of Defendant's Motion for Summary Judgment with the Clerk of Court on November 16, 2020 using the CM/ECF system which will notify the following of the filing of the same:

Jonathan Steele, Esquire
One Gateway Center
420 Fort Duquesne Blvd., Suite 500
Pittsburgh, PA 15222
jonathansteele@steeleschneider.com

Respectfully submitted,

By:_____
Aimee R. Zundel, Esquire
Pa. I.D. #208694
azundel@wbklegal.com

**WEISS BURKARDT KRAMER, LLC**
445 Fort Pitt Boulevard, Suite 503
Pittsburgh, PA 15219
412-391-9890